UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:22-cv-04100-SLD-JEH |
| | ) | |
| ESTATE OF DOROTHY E. LONDRIE, DECEASED; | ) | |
| LAWRENCE R. LONDRIE; CHRISTINE M. BIDNE; | ) | |
| PATRICIA K. TAYLOR; UNKNOWN OWNERS, | ) | |
| INCLUDING UNKNOWN HEIRS AND LEGATEES | ) | |
| OF DOROTHY E. LONDRIE, DECEASED; | ) | |
| UNKNOWN CLAIMANTS AND LIENHOLDERS | ) | |
| AGAINST THE ESTATE OF DOROTHY E. | ) | |
| LONDRIE, DECEASED; UNKNOWN CLAIMANTS | ) | |
| AND LIENHOLDERS AGAINST THE UNKNOWN | ) | |
| HEIRS AND DEVISEES OF DOROTHY E. | ) | |
| LONDRIE, DECEASED; UNKNOWN OWNERS | ) | |
| AND NONRECORD CLAIMANTS; and KEVIN | ) | |
| MCDERMOTT, as Special Representative of the | ) | |
| ESTATE OF DOROTHY E. LONDRIE, DECEASED, | ) | |
| | ) | |
| Defendants. | ) | |

DEFAULT JUDGMENT OF FORECLOSURE

This matter having come on to be heard upon the Plaintiff's Amended Complaint, and the

subsequent pleadings, on this day and this Court, having considered the evidence and being

advised in the premises, makes these FINDINGS:

**I.    Jurisdiction**

1.    The Defendants, the Unknown Owners, Including Unknown Owners, Unknown

Heirs and Legatees of Dorothy E. Londrie, deceased; Non-Record Claimants; Unknown

Claimants and Lienholders against the Estate of Dorothy E. Londrie, deceased; Unknown

Claimants and Lienholders against the Unknown Heir of Dorothy E. Londrie, deceased; and

Devisees of Dorothy E. Londrie, deceased, were served with Notice by Publication beginning on

1

March 22, 2023 and ending on April 5, 2023, and have not filed an Answer.

Defendant-Heir, Christine M. Bidne, returned her executed Waiver of Service of Summons, which was filed with the Court on July 12, 2022. Defendant-Heir, Patricia K. Taylor, returned her executed Waiver of Service of Summons, which was filed with the Court on July 13, 2022. Defendant-Heir, Lawrence R. Londrie, returned his executed Waiver of Service of Summons, which was filed with the Court on July 15, 2022.

None of the Defendants, i.e., the Unknown Heirs and Legatees of Dorothy E. Londrie, deceased; Unknown Owners and Non-Record Claimants against the Estate of Dorothy E. Londrie, deceased; Lawrence R. Londrie; Christine M. Bidne; Patricia K. Taylor, have answered or otherwise pleaded to said Complaint and Amended Complaint filed herein and consequently, are in default for their failure to so appear, answer, or otherwise plead in this cause in the time and in the manner as provided by the Federal Rules of Civil Procedure and the Rules of this Court.

2.      Defendant, Kevin McDermott, who was appointed by the Ninth Judicial Circuit Court, Hancock County, Illinois, on January 26, 2023 (2022-CH-0006), as Special Representative of the Estate of Decedent Dorothy E. Londrie, returned his executed Waiver of Service of Summons in this matter, which was filed with the Court on March 2, 2023, and does not deny the allegations in the Amended Complaint for Foreclosure filed in this cause.

3.      The Special Representative has completed the requirements of his appointment and has reported that there do not appear to be any viable defenses to this foreclosure proceeding and to this requested judgment of foreclosure.

4.      The Report of Special Representative and Motion for Discharge pertaining to the services rendered by this Special Representative in this foreclosure and filed on June 15, 2023, in

the Ninth Judicial Circuit Court, Hancock County, Illinois (2022-CH-0006).

5.      The Ninth Judicial Circuit Court, Hancock County, Illinois entered an Order Approving the Special Representative's Report and Discharging the Special Representative in this Case on June 15, 2023.

6.      No fact in the Amended Complaint is controverted; and the prescribed affidavit has been filed setting forth that the Defendants are not in the military service; and no objection being made to said Motion or Affidavits, the said Motion is allowed and Affidavits are admitted into evidence on this day, and this Court, having considered the evidence and being advised in the premises, makes these FINDINGS:

## II.    Evidentiary Findings

1.      This Court, after having reviewed the submitted Report of the Special Representative, finds that the Special Representative has completed the requirements of his appointment for the purposes of this foreclosure case and has reported that there do not appear to be any viable defenses to the foreclosure.

2.      Summary judgment is entered against the Defendant, Kevin McDermott, in his capacity as court appointed Special Representative.

3.      This Court, after having hereby entered summary judgment against the Special Representative hereby approves the Special Representative's submitted fees in the amount of $500.00.  This fee shall be paid to the Special Representative by the Plaintiff, and said fee shall be added to and become part of the monetary amount of this Judgment entered in favor of the United States of America.

4.      The Special Representative has satisfied the requirements of his appointment including the requirements pertaining to the Special Representative's responsibility to represent

the named decedent defendant and said decedent's estate in this foreclosure proceeding and this Court knows of no reason or basis for the Special Representative to provide further services on behalf of either said decedent or said decedent's estate in this foreclosure proceeding.

5.     Default is hereby entered against the remaining above-named defendants, for their failure to appear, answer or otherwise plead in this cause in the time and manner as provided by the Federal Rules of Civil Procedure and the Rules of this Court in that this Court specifically finds, pursuant to 50 App. U.S.C. § 521, that none of the named individual defendants are in the military service.

6.     The material factual allegations stated in the Plaintiff's Amended Complaint filed herein have not been denied in any responsive pleading.

7.     The Plaintiff has filed a motion that the court enter a Default Judgment of Foreclosure in this cause and has filed with said Motion a Declaration explaining the $77,696.20 sought in this Proposed Judgment of Foreclosure against Defendant-Mortgagor Estate of Dorothy E. Londrie, Deceased by Meleah L. Smith, Housing Program Director, Rural Development, dated July 24, 2023, setting forth that as of July 24, 2023, there was due the Plaintiff under the Note and Mortgage hereinafter described the sum of $76,302.20 (exclusive of foreclosure costs) and no objection being made to said Motion or Declaration of said Motion, said motion is allowed and the Declaration admitted into evidence in this cause.

8.     That the following are names of persons that may have claimed an interest in the above-described property, but who are foreclosed from asserting their claim, if any, because of their default in this action: Defendants, i.e., the Unknown Heirs and Legatees of Dorothy E. Londrie, deceased; Unknown Owners and Non-Record Claimants against the Estate of Dorothy E. Londrie, deceased; Lawrence R. Londrie; Christine M. Bidne; Patricia K. Taylor, for their

4

failure to appear, answer, or otherwise plead in the time and manner as provided by the Federal

Rules of Civil Procedure and the Rules of this Court.

9.      That all of the material allegations contained in the Amended Complaint are true

and that by virtue of the mortgage and indebtedness thereby secured, the Plaintiff, UNITED

STATES OF AMERICA, has a valid and subsisting lien arising out of a real estate mortgage on

the property described as follows:

> Lots Four (4) and Five (5) in Block One (1) in Shepherd's Addition to the City of
> Hamilton, County of Hancock, State of Illinois.
>
> Tax Code No. 11-29-948-000
>
> Common address or location of mortgaged premises: 851 Church Street, Hamilton,

Illinois 62341; and the improvements on said premises to include a single-family residence.

10.      That by virtue of the mortgage and the indebtedness thereby secured, as alleged in

the Amended Complaint, there is due the Plaintiff, UNITED STATES OF AMERICA, as

follows:

a)  For its own use and benefit for the costs of this suit and for:

| | | |
|---|---|---:|
| U.S. Attorney's Docket Fee | $ | 400.00 |
| Recording Notice of a Suit to Foreclose Mortgage | $ | 50.00 |
| Special Representative Fee | $ | 500.00 |
| Publication Fee (Special Representative) | $ | 444.00 |
| TOTAL | $ | 1,394.00 |

b)  Unpaid principal and interest

| | | |
|---|---|---:|
| Unpaid balance of principal | $ | 38,629.77 |
| Accrued interest through 7/24/2023 | $ | 13,595.43 |
| Interest on Fees | $ | 3,135.50 |
| Late Charges | $ | 208.18 |
| Escrow/Impound Required | $ | 1,125.33 |
| Fees Assessed* (see breakdown below) | $ | 19,607.99 |

\* Title Search ($475.00); Caretaker ($7,905.00); and
Negative Escrow ($11,227.99)

| | | |
|---|---|---|
| Total amount due Plaintiff as of 7/24/2023 exclusive of foreclosure costs | $ | |
| | TOTAL   $ | 76,302.20 |

c)  In addition, the Plaintiff may be compelled to advance various sums of money in payment of costs, fees, expenses and disbursements incurred in connection with the foreclosure, including, without limiting the generality of the foregoing, filing fees, stenographer's fees, witness fees, costs of publication, costs of procuring and preparing documentary evidence and costs or procuring abstracts of title, certificates, foreclosure minutes, a title insurance policy and fees, charges, and expenses provided by law incurred by or owing to the United States Marshal, including such fees and expenses relating to conducting of the judicial sale as required by this judgment of foreclosure.

d)  Under the terms of the mortgage, all such advances, costs and other fees, expenses and disbursements are made a lien upon the mortgaged real estate and the Plaintiff is entitled to recover all such advances, costs, expenses and disbursements, together with interest on all advances at the rate provided in the mortgage, or, if no rate, from the date on which such advances are made.

e)  In order to protect the lien of the mortgage, it may or has become necessary for Plaintiff to pay taxes and assessments, which have been or may be levied upon the mortgaged real estate.

f)  In order to protect and preserve the mortgaged real estate, it may also become necessary for the Plaintiff to make such repairs to the real estate as may reasonably be deemed necessary for the proper preservation thereof.

g)  Under the terms of the mortgage, any money so paid or expended has or will become an additional indebtedness secured by the mortgage and will bear interest from the date such

monies are advanced at the rate provided in the mortgage, or, if no rate is provided, at the statutory judgment rate.

11. That the present owner of the above-described real estate is: Estate of Dorothy E. Londrie, deceased.

12. That Hancock County, Illinois, has a valid lien on the above-described property for taxes for the year 2022, and for the tax years thereafter and any special assessments, if any, and the property will be sold subject to the interest of Hancock County, resulting from taxes, general or special, which are a valid lien against the above-described property.

13. In this foreclosure of a mortgage of residential real estate, this Court declares and finds that the above-described mortgaged real estate has been abandoned; the redemption period pursuant to 735 ILCS 5/15-1603(b)(4) shall end 30 days after entry of this Judgment of Foreclosure and that no reinstatement period shall extend beyond the 30th day after entry of this same Judgment of Foreclosure.

14. In this case, the period of reinstatement expired on October 13, 2022, being 90 days after the Defendant, Lawrence R. Londrie, returned his executed Waiver of Service of Summons, which was filed with the Court on July 15, 2022.

15. By reason of the defaults alleged and proved, if the indebtedness had not matured by its terms, the same became due by the exercise, by the Plaintiff or other persons having such power, of a right or power to declare immediately due and payable the whole of all indebtedness secured by the mortgage.

16. Any and all notices of default or election to declare the indebtedness due and payable or other notices required to be given have been duly and properly given.

17. Any and all periods of grace or other period of time allowed for the performance

7

of the covenants or conditions claimed to be breached or for the curing of any breaches have expired.

18. All lien or mortgage claimants defaulted are found and declared to have no interest in the real estate foreclosed, as they have offered no evidence of said interest.

19.    Said real estate is free and clear of all liens and encumbrances except:

   a)  General real estate taxes for the years 2022 and thereafter and special assessments, if any.

   b)  Said mortgage given to Plaintiff.

   c)  Easements and restrictions of record.

20.    Plaintiff's said mortgage is prior and superior to all other mortgages, claims of interest and liens upon said real estate except for real estate taxes and special assessments, if any, and except for any mortgages or liens found herein to be prior and superior to Plaintiff's mortgage or prior liens of non-parties.

WHEREFORE, IT IS ORDERED, ADJUDGED AND DECREED:

## III.    Order Upon Deemed Request for Foreclosure

1.    An accounting has been taken under the direction of the court of the amounts due and owing to the Plaintiff as declared herein.

   a)  The Special Representative's requested fees for $500.00 is declared reasonable and is awarded to the Special Representative.  This fee shall be paid to the Special Representative by the Plaintiff, and said fee shall be added to and become part of the monetary amount of this Judgment entered in favor of the United States of America.

   b)  The Special Representative has satisfied the requirements of his appointment

8

including the requirements pertaining to the Special Representative's

responsibility to represent the named decedent defendant and said decedent's

estate in this foreclosure proceeding and this Court knows of no reason or

basis for the Special Representative to provide further services on behalf of

either said decedent or said decedent's estate in this foreclosure proceeding.

2.      The defendants are ordered to pay to the Plaintiff before expiration of any

redemption period whatever sums may appear to be due upon the taking of such account,

together with fees and costs of the proceedings to the extent provided in the mortgage or by law.

3.      In default of such payment in accordance with this judgment, the mortgaged real

estate shall be sold as directed by the court, to satisfy the amount due to the Plaintiff as set forth

in this judgment, together with the interest thereon at the statutory judgment rate from the date of

the judgment.

4.      In the event the Plaintiff is a purchaser of the mortgaged real estate at such sale,

the Plaintiff may offset against the purchase price of such real estate the amounts due under the

judgment for the foreclosure and order confirming the sale.

5.      In the event of such sale and the failure of the person entitled thereto to redeem

prior to such sale pursuant to statutory provisions, the defendants made parties to the foreclosure

in accordance with statutory provisions, and all non-record claimants given notice of the

foreclosure in accordance with statutory provisions, and all persons claiming by, through or

under them, and each and any and all of them, shall be forever barred and foreclosed of any

right, title, interest, claim, lien or right to redeem in and to the mortgaged real estate.

6.      If no redemption is made prior to such sale, a deed shall be issued to the purchaser

thereat according to law and such purchaser shall be let into possession of the mortgaged real

estate in accordance with statutory provisions.

**IV.     Order Upon Special Matters**

1.      Exceptions to which title in the real estate shall be subject at the sale shall include all applicable general real estate taxes including those, which have not become due and payable as of the date of this judgment and any special assessments upon the real estate and easements and restrictions of record.

2.      In the event any party to this foreclosure is a successful bidder at the sale, such party may offset against the purchase price to be paid for such real estate all amounts due such party under this judgment of foreclosure or the order confirming the sale.

3.      Said property is being sold at this judicial sale "AS IS" WITHOUT ANY WARRANTIES OF HABITABILITY OR ANY OTHER WARRANTIES, EITHER EXPRESS OR IMPLIED.

**V.     Order for Judicial Sale**

1.      The real estate is ordered sold in accordance with the statutory provision by the United States Marshal or his representative.  The Plaintiff shall comply with all the terms and conditions of this Judgment following the United States Marshals Service resuming of its United States Marshal's Sales in the Central District of Illinois.

2.      After expiration of the redemption and reinstatement periods, the real estate shall be sold by the United States Marshal for the Central District of Illinois at the front door of the Hancock County Courthouse in the City of Carthage, Illinois, at the time announced by the United States Marshal as provided hereinbelow subject to easements and restrictions of record and taxes, general or special, due and owing to Hancock County, Illinois, in addition to the real estate transfer tax (35 ILCS 200/31-1, et. seq.), shall be paid by buyer(s).  Said property shall be

sold to the highest bidder who shall pay ten percent (10%) of the bid purchase price at the time and place of sale by Cashier's/Official Bank Check payable to the United States Marshals Service and tendered to the United States Marshal conducting the sale.  The balance of the bid purchase price shall be paid by Cashier's/Official Bank Check made payable to the United States Marshals Service and received by the United States Marshal at 100 N.E. Monroe Street, Room 42, Peoria, IL 61602, within thirty (30) days of date of said sale.  If the balance is not received within said time period, the ten percent (10%) payment made at time of sale shall be forfeited to the United States, the sale shall be void and a new sale shall be scheduled by the Court.  No evidence of title will be provided.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the United States Marshal for the Central District of Illinois give public notice of the sale as follows:

    a) The notice of sale shall include the following information, but an immaterial error in the information shall not invalidate the legal effect of the notice:

        i. The name, address and telephone number of the person to contact for information regarding the real estate;

        ii. The common address and other common description (other than legal description), if any, of the real estate;

        iii. A legal description of the real estate sufficient to identify it with reasonable certainty;

        iv. A description of the improvements on the real estate;

        v. The real estate may be inspected prior to sale upon making reasonable arrangements with the person identified in paragraph i. above;

        vi. The time and place of the sale;

vii.   The terms of the sale;

viii.   The case title, case number and the court in which the foreclosure
   was filed; and

ix.  No other information is required.

b)  The notice of sale shall be published at least four consecutive calendar weeks
(Sunday through Saturday), once in each week, the first such notice to be
published not more than 35 days prior to the sale, the last such notice to be
published not less than 7 days prior to the sale, by:

i.   An advertisement in a newspaper regularly issued and of general
   circulation to the general public in the county in which the real estate
   is located in the section of that newspaper where legal notices are
   commonly placed; and

ii.   No other publication shall be required.

c)  The party who gives notice of public sale shall also give notice to all parties in
the action who have not heretofore been found by the court to be in default for
failure to plead.  Such notice shall be given in the manner provided in the
applicable rules of court for service of papers other than process and Amended
Complaint, not more than 28 days not less than seven days prior to the day of
sale.  After notice is given as required in this section, a copy thereof shall be
filed in the Office of the Clerk of this Court together with a certificate of
counsel or other proof that notice has been served in compliance with this
section.

d)  The party who gives notice of a public sale shall again give notice of any

adjourned sale; provided, however, that if the adjourned sale is to occur less than 30 days after the last scheduled sale, notice of any adjourned sale need be given only once, not less than 5 days prior to the day of the adjourned sale.

e)   Notice of the sale may be given prior to the expiration of the redemption period.

f)   No other notice by publication or posting shall be necessary.

g)   The person named in the notice of sale to be contacted for information about the real estate shall not be required to provide additional information other than that set forth in the notice of sale.

3.      Division of Property.  If the real estate is susceptible of division, the person conducting the sale may order it to be sold as necessary to satisfy this judgment. The person conducting the sale shall determine which real estate shall be sold and the person conducting the sale may determine the order in which separate tracts may be sold.

## VI.   Transfer of Title

1.      Upon or after confirmation of sale, the person who conducted the sale or the court shall execute a deed to the holder of the certificate of sale sufficient to convey title, which deed shall identify the court and the caption of the case in which judgment was entered authorizing issuance of the deed.  Signature and the recital in the deed of the title or authority of the person signing the deed as grantor, of authority pursuant to this judgment and of the giving of the notices required by statute shall be sufficient proof of the facts recited and of such authority to execute the deed, but such deed shall not be construed to contain any covenant on the part of the person executing it.

2.      Delivery of the deed executed on the sale of the real estate, even if the purchaser

or holder of the certificate of sale is a party to the foreclosure, shall be sufficient to pass the title thereto.  Such conveyance shall be an entire bar of (i) all claims of parties to the foreclosure and (ii) all claims of any non-record claimant who is given notice of the foreclosure as provided by statute.

VII.    **Application of Proceeds**

The proceeds resulting from the sale ordered herein shall be applied in the following order:

1.      The reasonable expenses of sale;

2.      The reasonable expenses of securing possession before sale, holding, maintaining, and preparing the real estate for sale, including payment of taxes and other governmental charges, management fees, and to the extent provided for in the mortgage or other recorded agreement and not prohibited by law, payments made pursuant to 735 ILCS 5/15-1505 and other legal expenses incurred by the mortgagee;

3.      Satisfaction of claims in the order of priority adjudicated in this judgment of foreclosure; and

4.      Remittance of any surplus to the mortgagor or as otherwise directed by the court.

VIII.   **Redemption — Residential**

1.      Only the owner of redemption may redeem from this foreclosure, and such owner of redemption may redeem only during the redemption period specified herein.

2.      This is a foreclosure of a mortgage of residential real estate.

3.      The amount required to redeem shall consist of the Total Balance Due as declared above plus interest thereon at the statutory rate hereafter and all additional costs and other expenses allowed by the court.

14

4.      In this foreclosure of a mortgage of residential real estate, this Court declares and finds that the above-described mortgaged real estate has been abandoned; the redemption period pursuant to 735 ILCS 5/15-1603(b)(4) shall end 30 days after entry of this Judgment of Foreclosure and that no reinstatement period shall extend beyond the 30th day after entry of this same Judgment of Foreclosure.

5.      In this case, the period of reinstatement expired on October 13, 2022, being 90 days after the Defendant, Lawrence R. Londrie, returned his executed Waiver of Service of Summons, which was filed with the Court on July 15, 2022.

## IX.   Other Matters

1.      Possession.  The purchaser of the foreclosed property shall be given possession effective immediately upon approval of the judicial sale of this real estate in compliance with 735 ILCS 5/15-1701(c)(1).

2.      Report of Sale.  The person conducting the sale shall file a report of sale with the Clerk of this Court specifying the amount of proceeds of sale realized and the disposition thereof.

3.      Homestead Waiver.  Defendant-Mortgagor waived her right to homestead or other exemptions in said real estate in the body of said mortgage, which was duly signed and acknowledged, and said Defendant-Mortgagor is deceased.

4.      That there is no deficiency judgment to be ordered against the Defendant-Mortgagor, the Estate of Dorothy E. Londrie, deceased.

Entered this 8th day of December, 2023.


                                        s/ Sara Darrow
                                   _____
                                        SARA DARROW
                                   CHIEF UNITED STATES DISTRICT
                                        JUDGE